Paul J. Steiner SBN 41117
Law Offices of Paul J. Steiner
550 California Street
Sacramento Tower, Suite 700
San Francisco, CA 94104
Telephone: (415) 981-6100

Attorneys for Defendant
WAGNER & PIGOZZI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE AUTOMOTIVE INDUSTRIES WELFARE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WAGNER & PIGOZZI, a California corporation,<br><br>Defendants. | Case No. C 05 3000 MEJ<br><br>STIPULATION TO SET ASIDE DEFAULT<br><br>and<br><br>ORDER THEREON<br><br>Judge Magistrate: Maria-Elena James |

The parties in this action have agreed to Stipulate to Set Aside the Default, the Notice of Default of which was filed on February 27, 2006 and received by the undersigned on March 1, 2006, in order that the matter may proceed on the merits.

Defendant in this matter was evidently served on or about August 31, 2005. I am informed and believe, and on such information and belief state that a series of discussions through correspondence and orally ensued, and the matter was partially but not completely resolved. On Saturday, January 28, 2006, while working on a non-business related matter with defendants' general manager, Larry Steiner, he handed counsel for the defendant a file and asked that it be looked over and if, upon reviewing the file, counsel agreed with his position, to contact the other party's attorney concerning their position and determine which position was

STIPULATION TO SET ASIDE DEFAULT          C 05 3000 MEJ

1

correct. Defendant's counsel did not understand that a Complaint had been filed and served. The handing over of the file was done during a casual conversation outside while attending to a matter not related to defendant's business, and just a week after counsel for the defendant had been diagnosed with a debilitating illness, the news of which had affected counsel such that he was not then functioning fully. Because declarant was actively working on several matters in preparation for trial and on intense discovery matters, the file was not thoroughly reviewed or even given to the new legal assistant to properly open.

At the time that the complaint and accompanying documents were delivered to counsel by the defendant herein, counsel was not aware that the file had a Complaint that had been served or that a responsive pleading needed to be filed, or when such a filing would be due. Rather, declarant understood that it was a matter that needed to be responded to regarding the claims submitted by counsel for a pension Board that was ignoring the contract terms between the parties. Due especially to two particularly difficult legal matters then pending, the file was not reviewed at the time. Defense counsel was involved with at least three cases that were in intense discovery and deposition phase of litigation, two of which were in preparation for near trial. In particular, one deposition that was expected to last for two days in fact, took ten four to six hour sessions; defendant's counsel was in the process of responding to three motions, and at least two answers and/or cross complaints were due.

One week earlier, on January 20, 2006, declarant was diagnosed with a serious, potentially debilitating illness which required unforseen doctor's appointments, testing, and medical conferences which were, and continue to be, arranged around the work calendar, also causing disruption and delay with regard to said calendar.

In the mental state that ensued the diagnosis, counsel misunderstood that the documents received from defendants were with regard to a pending litigation requiring a responsive pleading and the matter was set aside by error in the office.

Counsel for the plaintiff in this action, Michael Carroll, has agreed to stipulate to set aside the default and allow the matter to proceed upon the merits.

///

2  THEREFORE, IT IS HEREBY STIPULATED by and between the parties herein, and good cause showing, that the default in this matter be set aside and defendants allowed to file and serve an Answer to the Complaint herein.

Dated: April 13, 2006

_____
Paul J. Steiner, Attorney for Defendants,
WAGNER & PIGOZZI

Dated: April 17, 2006

_____
Michael J. Carroll, Attorney for Plaintiff,
Board of Trustees of the Automotive Industries
Welfare

## ORDER

PURSUANT TO THE STIPULATION of the parties, and good cause appearing therefore, the Notice of Default entered on February 27, 2006 is hereby set aside and Defendants, WAGNER & PIGOZZI shall file an answer to the Complaint in this matter within 10 days hereof.

Dated:

_____
Judge of

*IT IS SO ORDERED*
Judge Maria-Elena James
(United States District Court, Northern District of California seal)

STIPULATION TO SET ASIDE DEFAULT    C 05 3000 MEJ

3